

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~GULFPORT~~ Southern DIVISION

FERDINAND ANTIGO, EDUARDO DEYTIQUEZ,
ROBERTO VERZO JR., JASON MAGUNDAYAO,
DENNIS BELDA, LHENIEHL FLORIDA,
MICHAEL ANGELO MAGHIRANG,
LEVISTE PORCEL, EDUARDO BALLES,
REGIE TESORO, JIMMY HINAYO,
HENRY SEJERA, IRNIE RAMOS,
RODOLFO ANDRADE, ENRICO EDMUNDO LISING,
LUIS VILLALUZ, THEODORE JASTILLANA III,
PETER CABUSAO, WILFREDO MISLANG,
JHOANNE DAVOCOL, DELIA DUENAS,
JUNE AGON, RICHARD MANALO, NICOMEDES MACEDA JR.,
AGUSTINUS KUSUMO, FATHONI GUNAWAN,
MARWOTO MARIYONO, EKO RAHARJO,
GAGAH ALAMSYAH, DITA HERUNTORO,
MARFIZQI FAUZI, HENDRA PERDANA,
HYACINTH CAMPBELL, VALRIELYN GRAHAM,
IRYNA HRYHAROVICH, MAKSIM MASIYANCHYK,
ORLANDO LAVARNEZ, SELIM DOKSANOGLU,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                         **PLAINTIFFS**

**VS.**                                    CAUSE NO. 1:11CV408HS0-RHW

MICHAEL V. LOMBARDI, U.S. OPPORTUNITIES, LLC,
ROYAL HOSPITALITY SERVICES, LLC, RONALD W. BALL,
ARAMARK CORPORATION, THE POLO CLUB OF BOCA RATON
PROPERTY OWNERS ASSOCIATION, INC., CARLOS BARROCAS,
FOUNDATION FOR WORLDWIDE INTERNATIONAL STUDENT EXCHANGE,
PATRIOT PRO CLEANING, LLC, GASPARILLA INN, INC.,
IBIS GOLF & COUNTRY CLUB, INC., 5 STAR FORESTRY, LLC,
SOUTHERN MISSISSIPPI PINESTRAW, LLC, BEAU RIVAGE, LLC,
BEAU RIVAGE RESORTS, INC.,, AND JOHN DOES 1-100

                                                          **DEFENDANTS**

<u>COMPLAINT</u>

**JURY TRIAL DEMANDED**

**COME NOW** Plaintiffs by and through their attorneys, and file this Complaint against the Defendants, pursuant to the Fair Labor Standards Act ("FLSA) and the Trafficking Victims Protection Act ("TVPA").

## PRELIMINARY STATEMENT

This case is about human trafficking for profit.  Over the past few years, Plaintiffs and other similarly situated immigrant workers have been systematically defrauded and exploited in the recruitment and hiring process in numerous countries by Defendants. Defendants utilized the promise of a unique opportunity to work in the United States to entrap them into a psychologically coercive and financially ruinous trafficking scheme that subjected the Plaintiffs and other similarly situated immigrant workers to exorbitant debt, forced labor, substandard living conditions and substandard wage rates.  Once in the United States, Plaintiffs and other similarly situated immigrant workers were further abused and exploited by Defendants, who used a variety of coercive tactics, including abuse of legal process, isolation and segregation, threats of physical violence, and threats of deportation to attempt to control the Plaintiffs and other immigrant workers' actions.  The United States government has declared these Plaintiffs as human trafficking victims.  It has also issued a criminal indictment to Michael V. Lombardi regarding this same human trafficking scheme, which also names The Polo Club of Boca Raton as being part of the conspiracy. See Criminal Indictment, attached hereto as Exhibit "A."

## PARTIES

1.      Plaintiff, Ferdinand Antigo, is a national of the Republic of the Philippines and resides in Louisiana.

2.      Plaintiff, Eduardo Deytiquez, is a national of the Republic of the Philippines and  resides in Biloxi, Mississippi.

3.      Plaintiff, Roberto Verzo, Jr., is a national of the Republic of the Philippines and  resides in Biloxi, Mississippi.

4.      Plaintiff, Jason Magundayao, is a national of the Republic of the Philippines and  resides in California.

5.      Plaintiff, Dennis Belda, is a national of the Republic of the Philippines and resides in Louisiana.

6.      Plaintiff, Lheniehl Florida, is a national of the Republic of the Philippines and resides in Louisiana.

7.      Plaintiff, Michael Angelo Maghirang, is a national of the Republic of the Philippines and  resides in Louisiana.

8.      Plaintiff, Leviste Porcel, is a national of the Republic of the Philippines and resides in Louisiana.

9.      Plaintiff, Eduardo Balles, is a national of the Republic of the Philippines and resides in Louisiana.

10.     Plaintiff, Regie Tesoro, is a national of the Republic of the Philippines and resides in Louisiana.

11.     Plaintiff, Jimmy Hinayo, is a national of the Republic of the Philippines and resides in Louisiana.

12.     Plaintiff, Henry Sejera, is a national of the Republic of the Philippines and resides in Louisiana.

13.     Plaintiff, Irnie Ramos, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

14.     Plaintiff, Rodolfo Andrade, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

15.     Plaintiff, Enrico Edmundo Lising, is a national of the Republic of the Philippines and  resides in Biloxi, Mississippi.

16.     Plaintiff, Luis Villaluz, is a national of the Republic of the Philippines and resides in Louisiana.

17.     Plaintiff, Theodore Jastillana III, is a national of the Republic of the Philippines and  resides in Virginia.

18.     Plaintiff, Peter Cabusao, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

19.     Plaintiff, Wilfredo Mislang, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

20.     Plaintiff, Jhoanne Davocol, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

21.     Plaintiff, Delia Duenas, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

22.     Plaintiff, June Agon, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

23.     Plaintiff, Richard Manalo, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

24.     Plaintiff, Nicomedes Maceda Jr., is a national of the Republic of the

Philippines and resides in Maryland.

25.     Plaintiff, Agustinus Kusumo, is a national of the Republic of Indonesia and resides in Florida.

26.     Plaintiff, Fathoni Gunawan, is a national of the Republic of Indonesia and resides in Biloxi, Mississippi.

27.     Plaintiff, Marwoto Mariyono, is a national of the Republic of Indonesia and resides in Biloxi, Mississippi.

28.     Plaintiff, Eko Raharjo, is a national of the Republic of Indonesia and resides in Biloxi, Mississippi.

29.     Plaintiff, Gagah Alamsyah, is a national of the Republic of Indonesia and resides in Biloxi, Mississippi.

30.     Plaintiff, Dita Heruntoro, is a national of the Republic of Indonesia and resides in Biloxi, Mississippi.

31.     Plaintiff, Marfizqi Fauzi, is a national of the Republic of Indonesia and resides in Pennsylvania.

32.     Plaintiff, Hendra Perdana, is a national of the Republic of Indonesia and resides in Pennsylvania.

33.     Plaintiff, Hyacinth Campbell, is a national of Jamaica and resides in Biloxi, Mississippi.

34.     Plaintiff, Valrielyn Graham, is a national of Jamaica and resides in Biloxi, Mississippi.

35.     Plaintiff, Iryna Hryharovich, is a national of the Republic of Belarus and resides in Biloxi, Mississippi.

36.     Plaintiff, Maksim Masiyanchyk, is a national of the Republic of Belarus and resides in Alabama.

37.     Plaintiff, Orlando Lavarnez, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

38.     Plaintiff, Selim Doksanoglu, is a national of the Republic of Turkey and resides in Biloxi, Mississippi.

**RECRUITER DEFENDANTS**

39.     Defendant, Michael V. Lombardi, is an individual that resides at 11096 47th Road North, West Palm Beach, Florida 33411.

40.     Defendant, U.S. Opportunities, LLC, is a corporation that is incorporated in Florida, and may be served through its registered agent Michael V. Lombardi,  11096 47th Road North, West Palm Beach, Florida 33411.

41.     Defendant, Royal Hospitality Services, LLC, is a corporation that is incorporated in Louisiana, and may be served through its registered agent Samuel Nikoghosyan, 237 N. Peters Street, 4th Floor, New Orleans, Louisiana 70130.

42.     Defendant, Ronald W. Ball, is an individual that resides in Florida, and may be served at 5384 Gulf Boulevard, St. Pete Beach, Florida 33706.

43.     Defendant, Aramark Corporation, is a corporation that is incorporated in Delaware, and may be served through its registered agent CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

44.     Defendant, The Polo Club of Boca Raton Property Owners Association, Inc., is a corporation that is incorporated in Florida, and may be served through its registered agent CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

45.     Defendant, Carlos Barracos, is an individual that resides in Florida, and may be served at 4520 N.W. 198 Street, Miami, Florida 33054.

46.     Defendant, Foundation for Worldwide International Student Exchange, is a corporation that may be served at 207 N. Church Avenue, Dyersburg, Tennessee 38024.

47.     Defendant, Patriot Pro Cleaning, LLC, is a corporation that is incorporated in Florida, and may be served through its registered agent Fanny Perez, 1901 Derby Glen Drive, Orlando, Florida 32837.

48.     Defendant, Gasparilla Inn, Inc., is a corporation that is incorporated in Delaware, and may be served through its registered agent Jack G. Damioli, 500 Palm Avenue, Boca Grande, Florida 33921.

49.     Defendant, Ibis Golf & Country Club, Inc., is a corporation that is incorporated in Florida, and may be served through its registered agent Stephen J. Logiudice, 8225 Ibis Boulevard, West Palm Beach, Florida 33412.

**EMPLOYER DEFENDANTS**[1]

50.     Defendant, 5 Star Forestry, LLC, is a corporation that is incorporated in Washington, and may be served through its registered agent Frank "Kim" Breese III, 800 Woodlands Parkway, Suite 103, Ridgeland, Mississippi 39157.

51.     Defendant, Southern Mississippi Pine Straw, LLC, is a corporation that is incorporated in Mississippi, and may be served through its registered agent Johnny M. Johnson, 600 N. West Street, Mendenhall, Mississippi 39114.

52.     Defendant, Beau Rivage, LLC, is a corporation that is incorporated in

_____

[1] Defendant Royal Hospitality Services, LLC, is considered a Recruiter Defendant and a Employer Defendant as it both recruited and employed some Plaintiffs and other class members.

Mississippi, and may be served through its registered agent Thomas Vaughn, One Hancock Plaza, 12th Floor, P.O. Drawer 4108, Gulfport, Mississippi 39501.

53.    Defendant, Beau Rivage Resorts, Inc., is a corporation that is incorporated in Mississippi, and may be served through its registered agent Anthony Del Vescovo, 875 Beach Boulevard, Biloxi, Mississippi 39530.

## JURISDICTION AND VENUE

54.    The Court has jurisdiction over this action pursuant to 28. U.S.C. § 1331 (federal court jurisdiction), 18 U.S.C. § 1595(a) (civil trafficking), 28 U.S.C. § 1332(d) (class action jurisdiction) and by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the state law causes of actions asserted in the Complaint pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claims.

55.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

56.    Venue is also proper in this District pursuant to 18 U.S.C. § 1965(a) because some or all Defendants reside, are found, have agents, and/or transact his/her/its affairs in the Southern District of Mississippi.

57.    Venue is also proper in this District pursuant to 18 U.S.C. § 1965(b) because the ends of justice require that other parties residing in other districts be brought before this Court.

## CLASS ACTION ALLEGATIONS

58.     The Class Representative Plaintiffs bring claims for damages, injunctive and declaratory relief on behalf of themselves and all similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class Representative Plaintiffs bring class claims for actual and punitive damages pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), and class claims for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

59.     This action involves a class represented by all Plaintiffs, referred to herein as the "U.S. Opportunities Class," and a subclass represented by all Plaintiffs, referred to herein as the "Royal Hospitality Class."

### A.     U.S. Opportunities Class

60.     Class claims for compensatory, treble, and/or punitive damages are brought pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  For the purpose of claims for compensatory and/or punitive damages, the U.S. Opportunities Class is defined as all immigrants who have obtained visas through Recruiter Defendants' recruitment activities during the period of January 1, 2009, until the present.

61.     Class claims for injunctive and declaratory relief are brought pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  For the purpose of claims for injunctive and declaratory relief, the U.S. Opportunities Class is defined as all immigrants who have obtained or will obtain non-immigrant or immigrant visas through Recruiter Defendants' recruitment activities.

62.     The U.S. Opportunities Class only seeks relief from all Recruiter Defendants.

### Rule 23(a)

63.     Only Recruiter Defendants know the precise number of individuals in the U.S. Opportunities Class, but upon information and belief the class includes over 350 individuals. The U.S. Opportunities Class is so numerous that joinder of all members of the U.S. Opportunities Class is impractical.

64.     This action involves questions of law common to the U.S. Opportunities Class, including:

a.     Whether Recruiter Defendants' conduct as set forth in the First Claim for Relief violated the forced labor and trafficking provisions of the TVPA (18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and/or 1594(b));

b.     The nature of damages available to Plaintiffs and other Class Members, including the applicability of compensatory and/or punitive damages; and

c.     Whether and what kinds of injunctive relief are appropriate.

65.     This action involves questions of fact common to the class, including:

a.     Whether Recruiter Defendants threatened Plaintiffs and other U.S. Opportunities Class members with serious financial harm and/or abuse of legal process to obtain Plaintiffs' and other U.S. Opportunities Class members' labor or services;

b.     Whether Recruiter Defendants recruited, harbored, transported, obtained and/or provided Plaintiffs and other U.S. Opportunities Class members for the purpose of subjecting them to forced labor;

c.     The source and amount of Plaintiffs' and other Class Members' damages.

66.     The claims of the Plaintiffs asserted in the First Claim for Relief are typical of the claims of the U.S. Opportunities Class.

67.     The Plaintiffs will fairly and adequately protect the interest of the U.S. Opportunities Class.

68.     Plaintiffs have retained counsel who are experienced in handling class action litigation on behalf of workers like Plaintiffs and are prepared to advance costs necessary to litigate this action.

Rule 23(b)(2)

69.     Recruiter Defendants have acted or refused to act on grounds that apply generally to the U.S. Opportunities Class, so that declaratory relief and final injunctive relief are appropriate with respect to the U.S. Opportunities Class as a whole. Recruiter Defendants' actions and inactions include, *inter alia*:

a.      Illegally forcing U.S. Opportunities Class members to pay for fees in the visa process that are the sole obligation of the employer petitioner;

b.      Fraudulently misleading U.S. Opportunities Class members to believe they are contracting for employment with one employer in the United States, and then sending them to another employer that was not listed on their visas; and

c.      Transferring U.S. Opportunities Class members to employers that paid them substandard wages and placed them in substandard living conditions.

70.     The U.S. Opportunities Class seeks to enjoin Recruiter Defendants from engaging in the unlawful acts described in this Complaint in the future.

Rule 23(b)(3)

71.     Common questions of law and fact relevant to the First Claim for Relief

predominate over any pertinent questions involving only individual members.

72.     A class action is superior to the other available methods of adjudicating the claims set forth in the First Claim for Relief because, *inter alia*:

a.     Common issues of law and fact, as identified in part above, substantially diminish the interest of class members individually controlling the prosecution of separate actions;

b.     The U.S. Opportunities Class members are foreign nationals who are in substantial debt, lack the means and/or resources to secure individual legal assistance, and are often unaware of their rights to prosecute these claims;

c.     No member of the U.S. Opportunities Class has already commenced litigation to determine the questions presented.  The only litigation bearing on issues raised in this case is the criminal action against Michael V. Lombardi that is pending before this Court regarding his illegal trafficking of the Plaintiffs. The case is *United States of America v. Michael V. Lombardi,* Criminal No. 1:11-CR-76-WJG-RHW.

d.     A class action can be managed with efficiency and without undue difficulty because Recruiter Defendants have systematically and regularly committed the violations complained of herein and have used standardized recruitment and record-keeping practices throughout the time period at issue.

**B.     Royal Hospitality Subclass**

73.     Class claims for compensatory, treble, and/or punitive damages are brought pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  For the purpose of claims for compensatory and/or punitive damages, the Royal Hospitality Subclass is defined as all immigrant workers who (1) obtained visas through Royal

Hospitality Services, LLC, and (2) worked as immigrant laborers for Employer Defendants and/or John Does 1-100 from January 1, 2009 through the present.

74.     Class claims for injunctive and declaratory relief are brought pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. For the purpose of claims for injunctive and declaratory relief, the Royal Hospitality Subclass is defined as <u>all</u> foreign nationals who have obtained or will obtain immigrant and non-immigrant visas for employment with Employer Defendants and/or John Does 1-100.

75.     The Royal Hospitality Subclass seeks relief from Employer Defendants and John Does 1-100.

Rule 23(a)

76.     Only Employer Defendants, and John Does 1-100 know the precise number of individuals in the Royal Hospitality Subclass, but upon information and belief the class includes over 200 individuals. The Royal Hospitality Subclass is so numerous that joinder of all members of the Royal Hospitality Subclass is impractical.

77.     This action involves questions of law common to the U.S. Opportunities Class, including:

a.     Whether Employer Defendants' and John Does 1-100 conduct as set forth in the First Claim for Relief violated the forced labor and trafficking provisions of the TVPA (18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and/or 1594(b));

b.     The nature of damages available to Plaintiffs and other Class Members, including the applicability of compensatory and/or punitive damages; and

c.     Whether and what kinds of injunctive relief are appropriate.

d.     Whether Employer Defendants and John Does 1-100 knowingly

benefitted from participation in the venture between Recruiter Defendants that deprived Plaintiffs and other Royal Hospitality Subclass members of their rights to be free from forced labor, as set forth in the negligent hiring claim for relief.

   e.  Whether Employer Defendants and John Does 1-100 knew or should have known that such a venture engaged in a violation of Chapter 77 of Title 18 of the United States Code.

   f.  Whether Recruiter Defendants were agents of the Employer Defendants; and

  78.  This action involves all the questions of fact common to the class identified for the U.S. Opportunities Class.

  79.  The claims of the Royal Hospitality Subclass asserted in the First Claim for Relief is typical of the claim of the Royal Hospitality Subclass.

  80.  The Plaintiffs will fairly and adequately protect the interest of the Royal Hospitality Subclass.

  81.  Plaintiffs have retained counsel who are experienced in handling class action litigation on behalf of workers like Plaintiffs and are prepared to advance costs necessary to litigate this action.

  <u>Rule 23(b)(2)</u>

   a.  Employer Defendants have acted or refused to act on grounds that apply generally to the Royal Hospitality Subclass so that declaratory relief and final injunctive relief are appropriate with respect to the U.S. Opportunities Class as a whole. Recruiter Defendants' actions and inactions include, *inter alia*:

    1.  Illegally requiring Royal Hospitality Subclass members to pay

visa processing fees that are the legal obligation of the petitioner for the H-2B visas, not the beneficiary; and

2.   Placing Royal Hospitality Subclass members in substandard living conditions and employment positions with substandard wages.

82.   The Royal Hospitality Subclass seeks to enjoin Employer Defendants from engaging in the unlawful acts described in this Complaint in the future.

Rule 23(b)(3)

83.   Common questions of law and fact relevant to the TVPA claim for relief predominate over any pertinent questions involving only individual members.

84.   A class action is superior to other available methods of adjudicating the TVPA and negligent hiring claims because, *inter alia*:

a.   Common issues of law and fact substantially diminish the interests of class members in individually controlling the prosecution of separate actions;

b.   The Royal Hospitality Subclass members are foreign nationals who are in substantial debt, lack the means and/or resources to secure individual legal assistance, and are often unaware of their rights to prosecute these claims;

c.   No member of the Royal Hospitality Subclass has already commenced litigation to determine the questions presented.  The only litigation bearing on issues raised in this case is the criminal action against Michael V. Lombardi that is pending before this Court regarding his illegal trafficking of the Plaintiffs. The case is *United States of America v. Michael V. Lombardi,* Criminal No. 1:11-CR-76-WJG-RHW.

d.   A class action can be managed with efficiency and without undue

difficulty because Employer Defendants have systematically and regularly committed the violations complained of herein and have used standardized recruitment and record-keeping practices throughout the time period at issue.

## STATEMENT OF FACTS

85.    Plaintiffs and other members of the U.S. Opportunity Class and the Royal Hospitality Subclass (collectively "Class Members") are foreign nationals who were trafficked from the Republic of the Phillippines, Jamaica, Republic of Belarus, Republic of Indonesia, Republic of Turkey, and various other countries to the United States by Defendants at various times between 2009 and the present.

86.    Plaintiffs and other Class Members are or were holders of H-2B visas, which allows U.S. employers to bring foreign nationals to the United States to fill temporary nonagricultural jobs.  These visas are traditionally valid only up to a year, but can be extended up to three (3) years.

87.    Only foreign nationals from the following countries are eligible to participate in the H-2B programs:  Argentina, Australia, Barbados, Belize, Brazil, Bulgaria, Canada, Chile, Costa Rica, Croatia, Dominican Republic, Ecuador, El Salvador, Estonia, Ethiopia, Fiji, Guatemala, Honduras, Hungary, Ireland, Israel, Jamaica, Japan, Kiribati, Latvia, Lithuania, Macedonia, Mexico, Moldova, Nauru, The Netherlands, Nicaragua, New Zealand, Norway, Papua New Guinea, Peru, Philippines, Poland, Romania, Samoa, Serbia, Slovakia, Slovenia, Solomon Islands, South Africa, South Korea, Tonga, Turkey, Tuvalu, Ukraine, United Kingdom, Uruguay, and Vanuatu.  Of these countries, the following were designated for the first time this year:  Barbados, Estonia, Fiji, Hungary, Kiribati, Latvia, Macedonia, Nauru, Papua New Guinea, Samoa, Slovenia, Solomon Islands, Tonga,

Tuvalu, and Vanuatu.

88.     Recruiter Defendants operated a trafficking scheme to recruit Plaintiffs and other Class Members from several countries for work in various locations in the United States.

89.     Recruiter Defendants fraudulently misrepresented to the Department of Labor that they needed more H-2B workers than actually needed.

90.     Recruiter Defendants then made employment offers to Plaintiffs and other Class Members for work in the United States at various locations of Recruiter Defendants.

91.     However, Recruiter Defendants actually sent the Plaintiffs and other class members to perform work for the Employer Defendants that had not been identified on their visas.

92.     Neither the Recruiter Defendants or Employer Defendants paid for Plaintiffs and other Class Members' visa fees as required by the federal visa program.

93.     Instead Recruiter Defendants fraudulently misrepresented to Plaintiffs and other Class Members that they were responsible for such fees.

94. Plaintiffs and other Class Members were coerced into signing loan agreements to pay for visa fees that ranged from $5,000 to $8,000.00 per person.

95.     Knowing in advance that Plaintiffs and other Class Members could not afford such visa fees, Recruiter Defendants sent them to specific lender companies that required them to sign twelve (12) postdated checks representing their twelve (12) monthly amortization payments and also required them to issue twelve (12) blank checks to be used to payoff the loan.  Plaintiffs and other Class Members were also required to have family members sign as co-signers on the loan so that the loan companies in the foreign countries

would have someone to hold responsible in their country in case the loan was not paid.

96.     Recruiter Defendants misled Plaintiffs and other Class Members to believe that with the money they would be making that the loans could easily be paid.  Instead they were placed in jobs paying so low that they could not even afford to pay the loans back, much less pay for their living conditions.

97.     When Plaintiffs and other Class Members arrived in the United States they discovered that the jobs promised to them were not available, and instead they were transferred to jobs that had substandard wages and substandard living conditions.

98.     The living conditions for some of the Plaintiffs and other Class Members were so poor that they were placed in filthy, unsecured, and totally bare trailer trucks that had no potable water, food, proper beds, or even mattresses.

**COUNT I**

**THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION**

**REAUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)**

*U.S. Opportunities Class and Royal Hospitality Class versus all Defendants*

99.     Plaintiffs and other class members re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

**A.     Authority for a Civil Action**

100.    Plaintiffs and other class members are victims of the following violations of Title 18, Chapter 77 of the United States Code: 18 U.S.C. §§ 1589, 1590, 1592, and 1594(a) and (b).

101.    As set forth in 18 U.S.C. § 1595(a), Plaintiffs and other class members

may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation" of these provisions.

102.    Recruiter Defendants and Employer Defendants were perpetrators of the violations of 18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and 1594(b).

103.    Recruiter Defendants and Employer Defendants knowingly benefitted, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation 18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and 1594(b).

104.    Plaintiffs bring this claim on behalf of themselves and the U.S. Opportunity Class and Royal Hospitality Subclass against Recruiter Defendants and Employer Defendants.

**B.**    **Forced Labor (18 U.S.C. § 1589)**

105.    Recruiter Defendants and Employer Defendants acquired the labor of Plaintiffs and other Class Members by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern, or plan intended to cause the Plaintiffs and other Class Members to believe that, if he or she did not perform the labor, he or she would suffer serious and detrimental harm.

106.    Recruiter Defendants and Employer Defendants knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts.

**C.**    **Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1590)**

107.   Recruiter Defendants recruited and transported Plaintiffs and other Class members for labor and services in violation of 18 U.S.C. §§ 1589, 1592, 1594(a), and 1594(b).  Employer Defendants aided and abetted these illegal actions.

108.   Recruiter Defendants and Employer Defendants knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts.

### D.   Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1592)

109.   Recruiter Defendants and Employer Defendants knowingly withheld and possessed the Plaintiffs and other Class Members' passports and visa papers in the course of a violation, and/or with intent to violate 18 U.S.C. §§ 1589, and 1594(a).

110.   Recruiter Defendants and Employer Defendants knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts.

### E.   Attempt and/or Conspiracy to Violated 18 U.S.C. §§ 1589, and 1590 (18 U.S.C. § 1594(a) and (b))

111.   Recruiter Defendants and Employer Defendants attempted and/or conspired to violate 18 U.S.C. §§ 1589 and 1590 in violation of 18 U.S.C. § 1594(a) and (b).

112.   Recruiter Defendants and Employer Defendants knowingly benefitted financially from participation in a venture which the Defendants knew or should have known was engaged in these acts.

### G.   Damages

113.   As a proximate result of the conduct of Recruiter Defendants and

Employer Defendants, Plaintiffs and other Class Members have suffered injuries to their persons, businesses, and property, along with other damages.

114.    Plaintiffs and other Class Members are entitled to recover compensatory and punitive damages in an amount to be proven at trial, including attorney fees and costs.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

115.    Plaintiffs and other similarly situated employees are non-exempt employees and are subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs and other similarly situated employees are entitled to minimum wages and overtime pay for all hours over forty (40) hours worked in a given week.

116.    The Fair Labor Standards Act requires that employees be paid minimum wages and overtime compensation at a rate not less than one and one-half (1 ½) times minimum wage rates or their regular rate of pay if it is higher.  29 U.S.C. § 207(a).

117.    Plaintiffs and other similarly situated employees have not been paid minimum wages and/or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

118.    The acts of the Defendants constitute a willful intentional violation of the

Fair Labor Standards Act.

119.   Plaintiffs have each signed a consent to become party Plaintiffs to a collective action. *See* Plaintiffs' Consents, attached hereto as Exhibit "B."

WHEREFORE, Plaintiffs request the following relief:

a.   Certifying the First Claim for Relief in this action as class claims pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the U.S. Opportunities Class;

b.   Certifying the First Claim for Relief in this action as class claims pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Royal Hospitality Subclass;

c.   Designating Plaintiffs as class representatives of the U.S. Opportunities Class and Royal Hospitality Subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designating Plaintiffs' counsel as counsel for both classes;

d.   Conditionally certifying a class pursuant to the Fair Labor Standards Act to include all employees of Employer Defendants that have been brought to the United States through the H-2B visa program and were not paid minimum wages and/or overtime wages.

e.   Declaratory and injunctive relief;

f.   Compensatory damages;

g.   Overtime pay and minimum wages;

h.   Liquidated damages;

I.   Punitive damages;

j.      Attorney fees and costs; and

k.      Such other relief as the Court deems just and appropriate.


THIS, the 25th day of October, 2011.



                                        Respectfully submitted,


                                        By:_____
                                             JOHN DAVIDSON (MB# 9073)
                                             NICK NORRIS (MB#101574)
                                             LOUIS H. WATSON, JR. (MB#9053)
                                             Attorneys for Plaintiff


OF COUNSEL:

DAVIDSON BOWIE, PLLC
Post Office Box 321405
Jackson, Mississippi 39232-1405
Telephone: (601) 932-0028
Facsimile : (601) 932-0115
jdavidson@dbslawfirm.net

LOUIS H. WATSON, JR., P.A.
628 N. State Street
Jackson, Mississippi 39202
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010
Email: nick@louiswatson.com
Web:  www.louiswatson.com
          www.msemploymentlaw.com