

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 0 8 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                               CRIMINAL NO. 1:11CR 76 WJG-RHW

MICHAEL V. LOMBARDI                              18 U.S.C. § 371

**The Grand Jury charges:**

That from on or about January 2009, and continuing through April 2010, in Harrison County in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **MICHAEL V. LOMBARDI,** did knowing and willfully conspire with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

Visa Fraud in violation of Section 1546, Title 18, United States Code.

False Statements in violation of Section 1001, Title 18, United States Code.

Fraud in Foreign Labor Contracting in violation of Section 1531, Title 18, United States Code.

It was a part of the conspiracy that the defendant and others would submit false and fraudulent certifications and petitions for the purposes of obtaining H2B visas for non-citizens of the United States to work in the United States by false and material statements regarding the number of legitimate workers needed on the certifications and petitions for H2B workers. It was further part of the conspiracy that the defendant and others would recruit and solicit persons outside the United States for employment inside the United States by fraudulent representations regarding where and for whom they would work. It was further part of the conspiracy that the defendant and others would submit false and fraudulent Department of Labor certifications for temporary employment of foreign



EXHIBIT A

workers and false and fraudulent petitions for foreign workers to the Department of Homeland Security, U.S. Citizen and Immigration services.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts, among others, were committed:

1. In July 2009, the defendant, **MICHAEL V. LOMBARDI**, advised the Polo Club to request an additional twenty (20) workers more than needed on their Department of Labor certification and H2B Visa petition.

2. In November 2009, the additional foreign workers requested by the Polo Club at the direction of the defendant, **MICHAEL V. LOMBARDI**, and approved for H2B visas for work in Florida, were sent to work in Purvis, Mississippi, in violation of their H2B visas.

3. In 2009, the defendant, **MICHAEL V. LOMBARDI**, advised Aramark Park and Destinations to request more foreign workers than needed on their Department of Labor certification and H2B Visa petition.

4. In January and February 2010, twelve (12) additional foreign workers requested by Aramark at the direction of the defendant, **MICHAEL V. LOMBARDI**, and approved for H2B visas for work with Aramark in Virginia and Colorado were diverted to work in Biloxi, Mississippi by **MICHAEL V. LOMBARDI** and others in violation of their H2B visas.

5. The foreign workers were recruited under false pretenses by the defendant, **MICHAEL V. LOMBARDI**, and others in that they were advised they would be working in Florida, Colorado and Virginia, however, they were sent to work in Mississippi for companies other than those listed on their H2B visas.

All in violation of Section 371, Title 18, United States Code.

## NOTICE OF FORFEITURE

As a result of the offense specified in this indictment, the defendant, **MICHAEL V. LOMBARDI**, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, to commit such violation, including but not limited to:

**U.S. Currency in the sum of $41,480**

**$3,397.54 seized from Bank of America account ending in 5914**

**$5,050.83 seized from J.P. Morgan bank account ending in 3078.**

Further, if any of the property described above, as a result of any acts or omissions of the defendant: (a) cannot be located upon exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, **MICHAEL V. LOMBARDI**, up to the value of the property described above.

All pursuant to Section 982, Title 18, United States Code.

JOHN M. DOWDY, JR.
United States Attorney

A TRUE BILL:
S/Signature Redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 8th day of September, 2011.

UNITED STATES MAGISTRATE JUDGE