IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FERDINAND ANTIGO, ET AL.**                                            **PLAINTIFFS**

**VERSUS**                                 **CIVIL ACTION NO.: 1:11CV00408-HSO-RHW**

**MICHAEL V. LOMBARDI, ET AL.**                            **DEFENDANTS**

---

**DEFENDANT BEAU RIVAGE RESORTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND CROSS-CLAIM AGAINST ROYAL HOSPITALITY SERVICES, LLC**

---

NOW INTO COURT, through undersigned counsel, comes Defendant, Beau Rivage Resorts, Inc. ("Beau Rivage"), and responds to Plaintiffs' Complaint as follows:

The first unnumbered paragraph of Plaintiffs' Complaint does not require a response from the Defendant but, to the extent that it might, Defendant admits only that Plaintiffs purport to bring federal and state law causes of action in this lawsuit. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**PRELIMINARY STATEMENT**

**PARTIES**

1. Defendant lacks sufficient information to form a response to Paragraph 1, and therefore denies same.

2. Defendant lacks sufficient information to form a response to Paragraph 2, and therefore denies same.

3. Defendant lacks sufficient information to form a response to Paragraph 3, and therefore denies same.

4. Defendant lacks sufficient information to form a response to Paragraph 4, and therefore denies same.

{i4153870.2}

5. Defendant lacks sufficient information to form a response to Paragraph 5, and therefore denies same.

6. Defendant lacks sufficient information to form a response to Paragraph 6, and therefore denies same.

7. Defendant lacks sufficient information to form a response to Paragraph 7, and therefore denies same.

8. Defendant lacks sufficient information to form a response to Paragraph 8, and therefore denies same.

9. Defendant lacks sufficient information to form a response to Paragraph 9, and therefore denies same.

10. Defendant lacks sufficient information to form a response to Paragraph 10, and therefore denies same.

11. Defendant lacks sufficient information to form a response to Paragraph 11, and therefore denies same.

12. Defendant lacks sufficient information to form a response to Paragraph 12, and therefore denies same.

13. Defendant lacks sufficient information to form a response to Paragraph 13., and therefore denies same.

14. Defendant lacks sufficient information to form a response to Paragraph 14, and therefore denies same.

15. Defendant lacks sufficient information to form a response to Paragraph 15, and therefore denies same.

16. Defendant lacks sufficient information to form a response to Paragraph 16, and therefore denies same.

17. Defendant lacks sufficient information to form a response to Paragraph 17, and therefore denies same.

18. Defendant lacks sufficient information to form a response to Paragraph 18, and therefore denies same.

19. Defendant lacks sufficient information to form a response to Paragraph 19, and therefore denies same.

20. Defendant lacks sufficient information to form a response to Paragraph 20, and therefore denies same.

21. Defendant lacks sufficient information to form a response to Paragraph 21, and therefore denies same.

22. Defendant lacks sufficient information to form a response to Paragraph 22, and therefore denies same.

23. Defendant lacks sufficient information to form a response to Paragraph 23, and therefore denies same.

24. Defendant lacks sufficient information to form a response to Paragraph 24, and therefore denies same.

25. Defendant lacks sufficient information to form a response to Paragraph 25, and therefore denies same.

26. Defendant lacks sufficient information to form a response to Paragraph 26, and therefore denies same.

27.   Defendant lacks sufficient information to form a response to Paragraph 27, and therefore denies same.

28.   Defendant lacks sufficient information to form a response to Paragraph 28, and therefore denies same.

29.   Defendant lacks sufficient information to form a response to Paragraph 29, and therefore denies same.

30.   Defendant lacks sufficient information to form a response to Paragraph 30, and therefore denies same.

31.   Defendant lacks sufficient information to form a response to Paragraph 31, and therefore denies same.

32.   Defendant lacks sufficient information to form a response to Paragraph 32, and therefore denies same.

33.   Defendant lacks sufficient information to form a response to Paragraph 33, and therefore denies same.

34.   Defendant lacks sufficient information to form a response to Paragraph 34, and therefore denies same.

35.   Defendant lacks sufficient information to form a response to Paragraph 35, and therefore denies same.

36.   Defendant lacks sufficient information to form a response to Paragraph 36, and therefore denies same.

37.   Defendant lacks sufficient information to form a response to Paragraph 37, and therefore denies same.

38. Defendant lacks sufficient information to form a response to Paragraph 38, and therefore denies same.

**RECRUITER DEFENDANTS**

39. Defendant lacks sufficient information to form a response to Paragraph 39, and therefore denies same.

40. Defendant lacks sufficient information to form a response to Paragraph 40, and therefore denies same.

41. Defendant lacks sufficient information to form a response to Paragraph 41, and therefore denies same.

42. Defendant lacks sufficient information to form a response to Paragraph 42, and therefore denies same.

43. Defendant lacks sufficient information to form a response to Paragraph 43, and therefore denies same.

44. Defendant lacks sufficient information to form a response to Paragraph 44, and therefore denies same.

45. Defendant lacks sufficient information to form a response to Paragraph 45, and therefore denies same.

46. Defendant lacks sufficient information to form a response to Paragraph 46, and therefore denies same.

47. Defendant lacks sufficient information to form a response to Paragraph 47, and therefore denies same.

48. Defendant lacks sufficient information to form a response to Paragraph 48, and therefore denies same.

49. Defendant lacks sufficient information to form a response to Paragraph 49, and therefore denies same.

**EMPLOYER DEFENDANTS**

50. Defendant lacks sufficient information to form a response to Paragraph 50, and therefore denies same.

51. Defendant lacks sufficient information to form a response to Paragraph 51, and therefore denies same.

52. Defendant lacks sufficient information to form a response to Paragraph 52, and therefore denies same.

53. Defendant Beau Rivage Resorts, Inc. admits only that it is a Mississippi corporation qualified to do business in the State of Mississippi and currently does business in the State of Mississippi.

## JURISDICTION AND VENUE

54. Defendant admits only that jurisdiction is proper in the United States District Court for the Southern District of Mississippi.

55. Defendant admits only that venue is proper in the United States District Court for the Southern District of Mississippi.

56. Defendant admits only that venue is proper in the United States District Court for the Southern District of Mississippi.

57. Defendant admits only that venue is proper in the United States District Court for the Southern District of Mississippi.

## CLASS ACTION ALLEGATIONS

58. Paragraph 58 of Plaintiffs' Complaint does not appear to require a response from

the Defendant but, to the extent that it might, Defendant admits only that Plaintiffs purport to bring federal and state law causes of action in this lawsuit. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

59. Paragraph 59 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

### A. U.S. Opportunities Class

60. Paragraph 60 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same. Additionally, Defendant denies that a class action is an appropriate vehicle to litigate this case, and objects to certification of the class.

61. Paragraph 61 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same. Additionally, Defendant denies that a class action is an appropriate vehicle to litigate this case, and objects to certification of the class.

62. Paragraph 62 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same. Additionally, Defendant denies that a class action is an appropriate vehicle to litigate this case, and objects to certification of the class.

63. Paragraph 63 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

64. Paragraph 64 of Plaintiffs' Complaint, as well as subparts (a) through (c), do not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

65. Paragraph 65 of Plaintiffs' Complaint, as well as subparts (a) through (c), do not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

66. Defendant denies the allegations in Paragraph 66.

67. Paragraph 67 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

68. Paragraph 68 of Plaintiff's Complaint does not require a response from the Defendant but, to the extent that it might, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Rule 23(b)(2)

69. Paragraph 69 of Plaintiffs' Complaint, as well as subparts (a) through (c), do not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

70. Paragraph 70 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same.

Rule 23(b)(3)

71. Defendant denies the allegations in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant denies the allegations in Paragraph 72 of Plaintiffs' Complaint, including sub-parts (a) through (d).

**B.     Royal Hospitality Subclass**

73. Paragraph 73 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same. Additionally, Defendant

denies that a class action is an appropriate vehicle to litigate this case, and objects to certification of the class.

74. Paragraph 74 of Plaintiffs' Complaint does not require a response from the Defendant, but out of an abundance of caution, Defendant denies same. Additionally, Defendant denies that a class action is an appropriate vehicle to litigate this case, and objects to certification of the class.

75. Paragraph 75 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

Rule 23(a)

76. Defendant denies the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. Defendant denies the allegations in Paragraph 76 of Plaintiffs' Complaint, including sub-parts (a) through (f).

78. Defendant denies the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. Defendant denies the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. Paragraph 80 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

81. Paragraph 81 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

Rule 23(b)(2)

a. Defendant denies the allegations in sub-part (a) of Plaintiffs' Complaint, including sub-parts (1) and (2).

82. Paragraph 82 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

Rule 23(b)(3)

83.    Defendant denies the allegations in Paragraph 83 of Plaintiffs' Complaint.

84.    Defendant denies the allegations in Paragraph 84 of Plaintiffs' Complaint, including sub-parts (a) and (d). As to sub-parts (b) and (c), Defendant lacks sufficient information to form a response, and thus, out of an abundance of caution, Defendant denies sub-parts (b) and (c).

## STATEMENT OF FACTS

85.    Defendant lacks sufficient information to form a response to Paragraph 85, and therefore denies same.

86.    Defendant lacks sufficient information to form a response to Paragraph 86, and therefore denies same.

87.    Paragraph 87 of Plaintiffs' Complaint does not require a response from the Defendant.

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant denies the allegations of Paragraph 89.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

92.    Defendant denies the allegations in Paragraph 92.

93.    Defendant denies the allegations of Paragraph 93.

94.    Defendant denies the allegations of Paragraph 94.

95.    Defendant denies the allegations of Paragraph 95.

96.    Defendant denies the allegations of Paragraph 96.

97.    Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations of Paragraph 98.

## COUNT I

## THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)

*U.S. Opportunities Class and Royal Hospitality Class versus all Defendants*

99. Paragraph 99 is an incorporation paragraph and requires no response.

A. **Authority for a Civil Action**

100. Defendant denies the allegations of Paragraph 100.

101. Defendant denies the allegations of Paragraph 101.

102. Defendant denies the allegations of Paragraph 102.

103. Defendant denies the allegations of Paragraph 103.

104. Paragraph 104 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

B. **Forced Labor (18 U.S.C. § 1589)**

105. Defendant denies the allegations of Paragraph 105.

106. Defendant denies the allegations of Paragraph 106.

C. **Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1590)**

107. Defendant denies the allegations of Paragraph 107.

108. Defendant denies the allegations of Paragraph 108.

D. **Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1592)**

109. Defendant denies the allegations of Paragraph 109.

110. Defendant denies the allegations of Paragraph 110.

**E.     Attempt and/or Conspiracy to Violate 18 U.S.C. §§ 1589, and 1590 (18 U.S.C. § 1594(a) and (b))**

111.    Defendant denies the allegations of Paragraph 111.

112.    Defendant denies the allegations of Paragraph 112.

**G.     Damages**

113.    Defendant denies the allegations of Paragraph 113.

114.    Defendant denies the allegations of Paragraph 114.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARD ACT

115.    Paragraph 115 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

116.    Paragraph 116 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.

117.    Defendant denies the allegations in Paragraph 117.

118.    Defendant denies the allegations in Paragraph 118.

119.    Paragraph 119 of Plaintiffs' Complaint does not require a response from the Defendant, but Defendant denies that Plaintiffs are entitled to any relief whatsoever.  Defendant admits only that Exhibit "B" to Plaintiffs' Complaint speaks for itself.

Defendant denies Plaintiffs are entitled to any of the damages claimed.  Defendant denies all allegations set forth in the unnumbered paragraph beginning with the words "WHEREFORE." Defendant denies that Plaintiffs are entitled to money or other relief.

To the extent any allegation in Plaintiffs' Complaint has not been admitted or denied, it is hereby denied.

NOW, responding affirmatively, Defendant responds as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted by the Court.

## SECOND DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

## THIRD DEFENSE

To the extent that Plaintiffs failed to mitigate damages, their claims or remedies are diminished or barred.

## FOURTH DEFENSE

To the extent any claim is based on negligence, the claim is barred by the doctrine of workers' compensation exclusivity under Mississippi law.

## FIFTH DEFENSE

Plaintiffs did not have a contract with the Defendant and their employment was terminable at will.

## SIXTH DEFENSE

Defendant at all times acted in good faith to comply with all applicable employment laws and acted with reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiffs' Complaint, and the Defendant asserts a lack of willfulness or intent to violate those statutes as a defense to any claim by Plaintiffs for punitive or liquidated damages.

## SEVENTH DEFENSE

Defendant submits that its inclusion in the "Employer Defendants" class will result in undue prejudice to Defendant and that all Defendants are improperly joined. Defendant submits that the Court should sever Defendant from the subclass and class action lawsuit.

**EIGHTH DEFENSE**

Defendant contends that Plaintiffs' use of a class action is not an appropriate vehicle for suit, and objects to certification of the class.

The Defendant reserves the right to amend its Answer to add affirmative defenses.

After due proceedings, Defendant prays that the Honorable Court dismiss Plaintiffs' Complaint with prejudice and assess all costs and reasonable attorney's fees against the Plaintiffs and in favor of the Defendant.

**BEAU RIVAGE RESORT, INC.'S CROSS-CLAIM AGAINST
ROYAL HOSPITALITY SERVICES, LLC**

1. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Beau Rivage states the following Cross-Claim against Royal Hospitality Services, LLC ("RHS").

2. Beau Rivage incorporates by references its foregoing admissions, denials and defenses stated in response to Plaintiffs' Complaint.

3. RHS has admitted in its answer to Plaintiffs' Complaint that it is a limited liability company organized in Louisiana.

4. On January 18, 2008, RHS entered into a contractual Agreement to Provide Labor Services to the Beau Rivage. The Agreement between Beau Rivage and RHS was renewed in January 2009 and January 2010.

5. Under the terms of the Agreement, RHS agreed to provide employees to work at the Beau Rivage in exchange for a set hourly fee for each employee that was provided by RHS. RHS agreed it would render this service in compliance with all applicable laws, rules and regulations.

6. Plaintiffs' Complaint alleges that RHS recruited and subsequently employed members of the Plaintiff class in violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 and the Fair Labor Standards Act, and that Beau Rivage employed members of the Plaintiff class in violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 and the Fair Labor Standards Act.

7. Beau Rivage denies any liability whatsoever to Plaintiffs. But, if Beau Rivage is determined to be liable to Plaintiffs, any such liability would be predicated upon the fault of RHS and based on RHS' failure to abide by applicable laws, rules, and regulations. Accordingly, in the event the jury determines that both Beau Rivage and RHS are liable to the Plaintiffs in any amount, Beau Rivage is entitled to indemnity from RHS.

8. To the extent RHS failed to abide by applicable laws, rules, and regulations when it recruited and provided employees to the Beau Rivage, then RHS breached its contract with the Beau Rivage.

WHEREFORE, Beau Rivage demands judgment from RHS for the full amount of any judgment which may be entered against Beau Rivage in this action, together with all attorneys' fees and litigation expenses incurred by Beau Rivage in this action as well as costs and prejudgment interest.

Dated this the 14th day of June, 2012.

        Respectfully submitted,

        **BEAU RIVAGE RESORTS, INC.**

By:   s/Steven R. Cupp
        Steven R. Cupp (MSB# 99975)
        Jaklyn Wrigley (MSB# 103773)
        Jones, Walker, Waechter, Poitevent,
         Carrere & Denegre, LLP
        2510 14th Street, Suite 1125 (39501)
        Post Office Box 160
        Gulfport, Mississippi  39502
        Telephone: 228-864-3094
        Facsimile: 228-864-0516
        scupp@joneswalker.com
        jwrigley@joneswalker.com

## CERTIFICATE OF SERVICE

I, STEVEN R. CUPP, do hereby certify that I have electronically filed the foregoing Defendant Beau Rivage Resorts, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint and Cross-claim Against royal Hospitality Services, LLC with the Clerk of Court using the ECF-System which sent notification of same to all counsel of record.

DATED, this the 14th day of June, 2012.

s/Steven R. Cupp<br>
Steven R. Cupp